**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD GAME NG, LLC, | 3:05-CV-635-LRH (RAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| WONG'S INTERNATIONAL (USA) CORPORATION, | |
| Defendant. | |

Before the court is Defendant's Motion for Attorney's Fees (Doc. # 42). Plaintiff opposes the motion (Doc. #43) and Defendant replied (Doc. #44).

**BACKGROUND**

On November 29, 2006 this court entered an order (Doc. #34) denying Plaintiff's Motion to Disqualify Counsel of Record (Doc. #29). In that order we denied the motion as untimely, and then further noted that even if it had been timely it would still have been denied. First, it would have been denied because the evidence did not support a finding that the scope of the Robison firm's representation included representation of Mr. Ng personally or of Plaintiff, Wild Game Ng, LLC. (Doc. #34). Second, it would have been denied because it was not reasonable to infer that Mr. Ng would have given confidential information to the Robison firm regarding Wild Game Ng, since any information given would have related to the Palms Entity or Truckee River Entity, not to Plaintiff, Wild Game Ng, LLC, a separately organized entity that was never represented by the Robison firm. (*Id.*). Finally, it would have been denied because any information given by Mr. Ng to the Robison firm in connection with their representation of entities with which Mr. Ng was formerly affiliated would

have necessarily been limited in scope and only concern such information as was necessary to assist Mr. Ng and his then business partners; such information would not be relevant to the current litigation.[1]

The current motion (Doc. #42) requests attorneys' fees under both Rule 11 and 28 U.S.C. § 1927. However, Defendant's reply brief (Doc. #44) does not to respond to any of Plaintiff's opposition (Doc. #43) arguments regarding Defendant's apparent failure to comply with the safe harbor provisions of Rule 11. Thus, the court considers the argument for sanctions under Rule 11 abandoned.

## DISCUSSION

**A.    Attorneys' Fees Under 28 U.S.C. § 1927**

The District Court is authorized to award attorney's fees and costs pursuant to 28 U.S.C. § 1927, which provides, "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Sanctions are proper under Section 1927 where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)(internal quotations omitted). "[R]ecklessness suffices for § 1927 ..." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). A motion to disqualify counsel must be based on a reasonable inquiry into relevant facts, and sanctions may be imposed where counsel fails to fails to make such inquiry and interposes the motion for an improper purpose. *Wold v. Minerals Engineering Co.*, 575 F.Supp. 166, 167 (Colo. 1983). "Vexatious conduct involves either subjective or objective bad faith." *United States v. Camco Construction Co. Inc.*, 221 F.Supp.2d 630, 634 (Md. 2002).

///

///

---

[1] The current litigation concerns the amount of damages suffered by Plaintiff, Wild Game Ng, by virtue of the alleged defective boards manufactured by the Defendant and installed in gaming equipment owned by Wild Game Ng, LLC.

2

Plaintiff argues that sanctions should not be imposed because the motion was not without merit and was not filed for an improper purpose. (Doc. #43). Plaintiff further argues that Judge Adam's state court ruling supports their argument, that there was no prejudice to Defendant since the delay was "very slight."

First, this court is in no way bound by comments made in entirely separate state court proceedings. This court made its own independent analysis of the evidence presented and thoughtfully considered all arguments before it and need not rely on Judge Adams' comments.

Second, Plaintiff's counsel admits that the motion caused some delay - one month - but denies that the delay could have any significance since it was "very slight." These two assertions do not square. While the court is not aware of what exact advantage such a delay, be it characterized as brief or lengthy, bestowed on Plaintiff or Plaintiff's counsel, it does not require a great deal of imagination to infer that the advantage could have been purely in making Defendant's counsel's job more burdensome at a point in the litigation where depositions were imminent. Further, in accordance with our findings in our previous order, the court finds that Plaintiff's counsel has not brought forth any reason for the long delay in addressing what counsel claims was a conflict of interest between the Robison firm and Plaintiff's principal, Mr. Ng. Such delay raises an inference of an improper purpose. As we explained in our order:

> ... Plaintiff has known of Defendant's choice of the Robison firm as its counsel for more than a year. The court finds that Plaintiff could not have reasonably relied on an alleged promise to withdraw from defense counsel. If such a promise was made, it obviously was not fulfilled and Plaintiff cannot now complain to have been relying on such an unfulfilled promise for more than a year. While the court has great sympathy for Plaintiff's counsel's health issues, and in fact regularly grants extensions to party's experiencing unexpected health difficulties, the court finds it difficult to believe that Plaintiff could not have made this motion earlier, were Plaintiff truly concerned about a conflict of interest between Plaintiff and Defense counsel. Instead of making a timely motion, Plaintiff waited until the eve of Mr. Ng's deposition to object to Defendant's choice of counsel. Thus, the court finds that the Plaintiff's motion should be denied on grounds of undue delay.

(Doc. #34, p. 7). An inference can be drawn from this long delay that the purpose of the motion was not a genuine concern about a possible conflict of interest - since the alleged conflict of interest had

3

been know for many months and many filings had been made with the court during that time - but rather was brought for some tactical purpose.

Our previous order also made clear that Plaintiff could not meet any of the *Waid* factors. First, we found that

> "[s]everal facts before the court weigh against a determination that the Robison firm represented Mr Ng in his personal capacity: (1) the presence of Mr. Kroetch, Mr. Ng's personal attorney, at the March 21, 2000 meeting, (2) Mr. Kroetch's letter to the Robison firm expressing his client's objections to the proposed changes to the minutes, (3) the engagement letter from the Robison firm, (4) the bills submitted by the Robison firm to the Palms Resort and Casino, LLC and the checks issued in payment of those bills."

(Doc. #34). More importantly, we noted that Wild Game Ng and the Palms Resort Development existed concurrently, thus discrediting Mr. Ng's assertion that Wild Game Ng was the successor entity to the Palms Entity. (*Id.*). This fact also discredits Plaintiff's argument that the Robison firm has confidential information about Plaintiff, Wild Game Ng, since the concurrent existence of the two entities suggests they were separately organized and no evidence was presented regarding *any* involvement of the Robison firm in the organization of Plaintiff. The Robison firm's previous representation was of the Palms entity, not Wild Game Ng . This should have been obvious to Plaintiff's counsel had counsel properly reviewed the documents that were attached to the motion *Plaintiff* made.

The long delay in bringing the motion, paired with the lack of facts to support it convince the court that the motion to disqualify was frivolous and brought in bad faith. The timing, immediately before scheduled depositions, at a time when Plaintiff's counsel must have known Defense counsel would be busy preparing for the depositions, suggests that not only was the motion frivolous, but it was brought for an improper purpose: delay in the face of imminent depositions.

For the foregoing reasons we find that the present motion should be **GRANTED** and attorneys' fees should be awarded to Defendant.

/ / /

/ / /

4

**B.     Calculation of Fees**

The District of Nevada has set forth the factors to consider in awards of attorneys fees in Local Rule 54-16(b)(3). These factors are the same ones set forth by the Ninth Circuit in *Kerr v. Screen Extras Guild*, *Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). Both allow the court to consider (1) the time and labor required; (2) the skill requisite to properly perform legal services; (3) preclusion of other employment by attorney due to acceptance of case; (4) novelty and difficulty of questions presented; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client; (8)amount involved and results obtained; (9) experience, reputation and ability of attorney; (10) undesirability of case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70.

Here, the billing records submitted by Defendant's counsel do not segregate fees incurred in the state court matter from fees incurred in this matter. Further, the records seem to include some fees for work done on other motions. For example, the October 19, 2006 entry includes in one entry work on a motion to disqualify as well as work on a "motion for enlargement of time to designate expert witness and motion for enlargement of time to file amended complaint", which has nothing to do with the motion to disqualify. (Doc. #42, Exh. A). The court has no way of speculating what portion of the 2.30 hours billed was spent on the Motion to Disqualify. Further, Plaintiff's Motion to Disqualify Defendant's Counsel of Record (Doc. #29) was not filed until October 31, 2006. Thus, it appears unlikely that any of the fees incurred for the work set forth in the October 19, 2006 entry was in response to the Motion to Disqualify. As another example, the entry for November 16, 2006 also details work done on both the state court matter and the matter before this court, without any segregation between the two. (Doc. #42, Exh. A).

Defendant's counsel is ordered to submitted a revised bill, subtracting all amounts billed in connection with the state court action or in connection with any motion besides Plaintiff's Motion to Disqualify (Doc. #29).

/ / /

5

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Attorneys' Fees (Doc. #42) is **GRANTED.**

DATED: August 17, 2007.

_____
UNITED STATES MAGISTRATE JUDGE